IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-00150-FDW
(3:08-cr-00215-FDW-1)

| | | |
|---|---|---|
| JAMES DARNELL WINTONS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's motion to

vacate, set aside or correct sentence, which he filed pursuant to 28 U.S.C. § 2255, and the

Government's motion to dismiss. For the reasons that follow, Petitioner's § 2255 motion

to vacate will be dismissed.

I.      BACKGROUND

On January 12, 2008, officers with the Charlotte Mecklenburg Police Department

("CMPD") observed a green Jeep Cherokee travelling southbound on Bellafonte Drive in

Charlotte. Officers noted that neither the driver, who was later determined to be the

Petitioner, nor the passenger, who was later identified as Carl Harris, were wearing

seatbelts. Based on these obvious infractions, Officers initiated a stop of the vehicle and

conducted criminal background checks and learned that Petitioner and Harris had been

involved together in several armed robbery offenses in 2001. Officers asked for consent

to search Petitioner and Harris and they agreed, however Petitioner would not consent to

a search of the vehicle citing the fact that it belonged to his father.

The search of Harris uncovered a pack of cigarettes that carried an odor of marijuana. When asked about the smell of marijuana, Harris admitted that he had smoked some earlier in the day. Officers then approached Petitioner and he ran and failed to heed commands to stop, however he was quickly detained and handcuffed, and while so detained Petitioner made a spontaneous admission that he was on probation and that there were two guns in the Jeep. Petitioner was placed under arrest and a search of the Jeep uncovered two pistols: a black Ruger Model P89, 9mm pistol from the floorboard, and a black Glock Model 22, .40 caliber pistol that was lodged between the seat and center console.[1]

Petitioner was later charged by the grand jury in this District with one count of being a felon-in-possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). During his arraignment Petitioner entered a plea of not guilty and requested a jury trial but later changed his plea and entered into a plea agreement in which he admitted he was in fact guilty of the conduct charged in his indictment.[2] Petitioner appeared with his counsel, Lyle Yurko, before U.S. Magistrate Judge David Keesler for his Rule 11 hearing and he was placed under oath. Petitioner averred that he understood the elements of the §

_____

[1] This factual summary is drawn from the offense conduct detailed in the Presentence Report to which Petitioner stipulated during his sentencing hearing. (3:08-cr-00215, Doc. No. 24: Presentence Report ¶¶ 5-10; Doc. No. 47: Sent. Tr. at 5-6).

[2] The plea agreement contained a standard provision in which Petitioner agreed that he could not withdraw his plea once it was accepted. The plea agreement also provided that if Petitioner cooperated with the Government in any criminal investigations by, for example, providing truthful testimony in any hearing and providing all knowledge regarding criminal activity that may be under investigation, then the Government may, in its sole discretion, move for a § 5K1.1 departure under the U.S. Sentencing Guidelines Manual.

922(g) charge and that he faced a sentence of no less than 15-years' imprisonment and not more than life if the Court found that he qualified as an armed career criminal under 18 U.S.C. § 924(e). Petitioner admitted that he was in fact guilty of the § 922(g) charge and that he wished to plead guilty and forgo his right to a jury trial to contest the charge. Next, Petitioner averred that no one had promised him any particular sentence or coerced or threatened him into pleading guilty. Petitioner also he swore that he had enough time to discuss any possible defenses to the § 922(g) charge with his attorney; that he was satisfied with the performance of his attorney; and that he wished to plead guilty. Petitioner reviewed the Acceptance of Guilty Plea form and signed the form to confirm that his answers were true. The court then accepted Petitioner's guilty plea after finding that it was knowing and voluntary. (Id., Doc. No. 9: Corrected Plea Agreement; Doc. No. 29: Tr. of Plea Hearing).

Several months after the guilty plea was accepted, Petitioner filed a pro se motion to withdraw his guilty plea advancing, among other arguments, a contention that his counsel refused to discuss possible defenses, particularly the possibility of filing a motion to suppress the discovery of the guns following the traffic stop. (Id., Doc. No. 13). This motion was denied without prejudice pursuant to this District's local rules because Petitioner was represented by counsel. Mr. Yurko was later allowed to withdraw and Peter Adolf of the Federal Defenders of Western North Carolina was appointed and he filed another motion to withdraw Petitioner's guilty plea on September 2, 2010, and the Court conducted a hearing on the motion. (Id., Doc. No. 27).

After the conclusion of the evidence, the Court made several pertinent findings of

3

fact that are relevant to Petitioner's § 2255 motion to vacate. First, the Court found that following his arrest on January 12, 2008, Petitioner began cooperating with law enforcement in ongoing criminal investigations and that he had done so with the intention of obtaining a sentence below the 15-year mandatory minimum term.

The Court also found that Petitioner's testimony was credible that he had in fact discussed the possibility of filing a motion to suppress the discovery of the gun, but Mr. Yurko did not believe that it would succeed and they agreed the best course was to continue to cooperate with law enforcement in an effort to obtain the sentencing reduction. However, the Court did not find credible Petitioner's testimony that he had lied during the Rule 11 hearing about whether he discussed possible defenses with Mr. Yurko. The Court found that Petitioner's testimony demonstrated that he had weighed whether to pursue a motion to suppress or to cooperate and that he had chosen the latter course of action because that was the best avenue to secure a sentence below the 15- year mandatory minimum. (Id., Doc. No. 46: Tr. of Motion to Withdraw at 135-39). Petitioner's motion to withdraw his guilty plea was denied after the Court found that he had failed to present a fair and just reason for the withdrawal.

Petitioner was sentenced to 184-months' imprisonment and a four-year term of supervised release and he appealed. (Id., Doc. No. 39: Judgment). On appeal, Petitioner contended that the Court should have allowed his motion to withdraw his guilty plea because Mr. Yurko never discussed a potential defense with him and failed to file a motion to suppress the discovery of the handguns. The Court rejected each of Petitioner's challenges. In particular, the Court rejected Petitioner's contention that he did not have

the close assistance of counsel with regard to the suppression issue and his challenge to the validity of his Rule 11 hearing. The Court found that "the record of the plea withdrawal hearing shows that [Petitioner] and his former attorney discussed a suppression motion and made the strategic decision not to file the motion to suppress, but rather to cooperate in the hope of being granted a sentence below the statutory minimum." The Court affirmed Petitioner's judgment in all respects and Petitioner did not seek further review from the Supreme Court. See United States v. Wintons, 468 F. App'x 231, 233 (4th Cir. 2012) (unpublished).

In this collateral proceeding, Petitioner contends that Mr. Yurko provided ineffective assistance of counsel in connection with filing (or not filing) a motion to suppress the guns that were discovered following Petitioner's traffic stop.

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After examining the record, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

A.  Ineffective assistance of counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in

his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, a Petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was

fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

B.    Suppression issues[3]

As previously observed, the Court made findings that Mr. Yurko had in fact discussed a possible suppression motion with Petitioner prior to and/or after the entry of the guilty plea and Petitioner made the deliberate choice to forego such a motion in an effort to try and secure a sentence below the 15-year mandatory minimum under § 924(e) by cooperating with the Government.

A petitioner is bound by his sworn statements that he makes during a properly conducted Rule 11 hearing and as this Court found during sentencing, and reaffirms herein, Petitioner's Rule 11 hearing was properly conducted therefore his present challenge must fail. See, e.g., Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

Moreover, the Fourth Circuit expressly found that during the plea withdrawal hearing evidence was presented that demonstrated that Petitioner had in fact discussed the filing of a motion to suppress with Mr. Yurko but ultimately declined to do so. Petitioner

---

[3] Petitioner raises claims related solely to the question of whether Mr. Yurko provided ineffective assistance of counsel regarding the suppression of the gun, that is, was the failure to investigate the suppression issue, failure to discuss the filing of the motion to suppress with Petitioner, and failure to file the motion to suppress ineffective because it is likely that the motion would have succeeded. Because these arguments all address the suppression issue, they will be examined collectively.

is foreclosed from renewing this argument in a collateral proceeding. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); see also United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (holding the law of the case doctrine forecloses litigation of issues expressly or impliedly decided by the appellate court) (internal citation omitted).

Finally, Petitioner's contention that counsel was ineffective in failing to advise Petitioner regarding the suppression motion or file such a motion is without merit as it clearly depends on a finding that counsel did not explore the decision to file a motion to suppress, discuss such a motion with Petitioner or file the motion on Petitioner's behalf. Petitioner argues that the motion should have been filed because it is likely that he would have prevailed based on his contention that the officers' detention of his vehicle following the traffic stop was unconstitutional because it was unnecessarily prolonged. (3:13-cv-00150, Doc. No. 1: § 2255 motion at 21-24).

A petitioner can demonstrate ineffective assistance of counsel if he can show that the motion to suppress would likely have been granted. See United States v. Madewell, 917 F.2d 301, 304 (7th Cir. 1990) (finding that ineffective assistance claim fail when motion to suppress would have been unsuccessful). Here, Petitioner's argument fails for the simple reason that the evidence presented before this Court and confirmed on appeal is that Petitioner's decision to forego a motion to suppress was the product of reasoned discussion with Mr. Yurko – with such decision invariably being reached only after weighing the unlikelihood of success of the suppression motion.

A petitioner carries a high burden when trying to demonstrate ineffective assistance of counsel and as the Supreme Court has observed: "Judicial scrutiny of

counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence . . ." <u>Strickland</u>, 466 U.S. at 689. On the record in this matter, the Court cannot conclude that the advice of Petitioner's counsel regarding the motion to suppress was ineffective or unreasonable.

## IV. CONCLUSION

For the reasons discussed herein, the Court finds that Petitioner's § 2255 motion is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that the Government's motion to dismiss is **GRANTED**. (Doc. No. 7).

**IT IS FURTHER ORDERED** that Petitioner's Section 2255 motion is **DENIED and DISMISSED with prejudice**. (Doc. No. 1).

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: March 4, 2016

Frank D. Whitney
Chief United States District Judge